[No. 7,478.—Department Two.]

## L. L. DIAS ET AL. *v.* G. M. PHILLIPS.

MISJOINDER OF PARTIES—MISJOINDER OF ACTIONS.—Plaintiff brought this suit in his individual right, and also in his representative capacity as executor, and judgment was entered accordingly. *Held,* that the demurrer to the complaint should have been sustained.

APPEAL from a judgment for the plaintiff in the Superior Court of Sonoma County. McGARVEY, J.

The defendant, besides demurring generally, demurred to the complaint on the ground of misjoinder of parties plaintiff, and also on the ground of misjoinder of actions, specifying under each head the defect referred to in the opinion.

*E. S. Lippitt,* for Appellant.

The demurrer to the complaint should have been sustained, on the grounds set out in said demurrer, that said plaintiff had not capacity to sue, that there was a misjoinder of parties, and that said complaint did not state facts sufficient to constitute a cause of action.

*George Pearce,* for Respondent.

The plaintiff respondent brought this action properly. (Code Civ. Proc., §§ 369, 378, 382; Daniell's Ch. Pl. and Pr. 187 *et seq.;* Story's Eq. Pl., § 209; *Cooke* v. *Cooke,* 2 Vern. 36; *Cope* v. *Parry,* 2 Jac. & W. 538.)

By COURT:

Plaintiff brings this suit in his individual right, and also in his representative capacity, as executor. A demurrer to the complaint was filed, on behalf of defendant, and was overruled by the Court.

The question was raised by the demurrer whether the suit was properly brought by the plaintiff in a double capacity, and we think the objection to the complaint should have been sustained. The right of action was in him or in the estate, and not in both.

The judgment is that the *plaintiffs* I. L. Dias and I. L. Dias, as executor of the last will and testament of A. H. L. Dias, deceased, do recover, etc. We think the judgment can not be sustained.

Judgment reversed.