Susan BERNS, et al.,
Plaintiffs-Appellants,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., Defendant-Appellee.

Nos. 80–5063, 80–5080.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 1981.

Decided Feb. 8, 1982.

---

Ned Good, Los Angeles, Cal., for plaintiffs-appellants.

Gregory A. Long, Overton, Lyman, & Prince, Los Angeles, Cal., for Pan American, et al.

Before ANDERSON and NORRIS, Circuit Judges, and ENRIGHT,* District Judge.

ENRIGHT, District Judge:

Appellants Susan, Daniel and Steven Berns ("the Berns") are the surviving children of Mr. and Mrs. Berns, two victims of a Pan American air crash in the Canary Islands which occurred on March 27, 1977. On March 24, 1978, the Berns filed a wrongful death action against appellee, Pan American World Airways ("Pan Am") and others in state court. Upon Pan Am's petition, the matter was removed to the United States District Court for the Central District of California. Pan Am agreed not to contest liability and the Berns dismissed all other defendants. After trial the jury returned a verdict in favor of the Berns in the amount of $450,000. The three children were awarded $225,000 for the death of their mother, and the children and their grandmother received $225,000 for the death of Mr. Berns. In addition, the appellants received costs as the prevailing parties. The Berns subsequently filed a motion for a new trial which was denied by District Judge Robert J. Ward.

The Berns now appeal from the judgment and the denial of their motion for a new trial. Pan Am has filed a cross appeal maintaining that it is the prevailing party for the purposes of an award of costs. 28 U.S.C. § 1291.

### I. LOSS OF INHERITANCE

Appellants' first three assignments of error relate to recovery for loss of inheri-

---

* Honorable William B. Enright, United States District Judge, Southern District of California, sitting by designation.

tance. At trial the Berns attempted to recover an amount which would represent their share of the inheritance they would have received from their parents but for their untimely deaths. With respect to recovery for loss of inheritance, the appellants assert that the district court erred by (1) indicating that if the Berns offered proof on this issue Pan Am could offer rebuttal evidence regarding the estate already dispensed to the children; (2) excluding the testimony of economists on this issue; and (3) denying the Berns' motion for a directed verdict relative to recovery for loss of inheritance. We find that the district court correctly treated the issue of recovery for this item of damages and therefore affirm the above rulings.

### A. Evidentiary Ruling

■ Upon the Berns' request for leave to introduce evidence on the loss of inheritance claim, the trial court stated that any proof on this issue would be admissible subject to the appellee's right to cross-examine relevant witnesses and to introduce evidence regarding amounts that the Berns actually inherited upon the death of their parents. The Berns assert that the conditional admission of such proof constituted reversible error.

This contention is without merit. In the first instance, as the court noted, "... there is nothing before the jury that I can recall so far as inheritance is concerned." (Excerpts of Record, Vol. 2, p. 394, lines 3–5). Because appellants offered no evidence regarding recovery for loss of inheritance, Judge Ward's indicated ruling regarding the appellee's ability to offer evidence on actual inheritance was never effectuated. In this event, it is difficult to perceive how the Berns were actually prejudiced by this ruling.

Assuming that evidence offered by the Berns was excluded, however, Judge Ward's ruling is not susceptible to reversal because it is consistent with California law on loss of inheritance. First, it is not clear that loss of inheritance is a recoverable item of damages in California. In *Bradford*

*v. Brock*, 140 Cal.App. 47, 50, 34 P.2d 1048 (1934), the California appellate court disapproved an instruction which stated that jurors could properly award damages to represent the savings decedent might have accumulated but for her premature death. The court stated that this instruction was inconsistent with the California Supreme Court's rejection of such a rule in *Simoneau v. Pacific Elec. Railway Co.*, 159 Cal. 494, 115 P. 320 (1911) and *Burk v. Arcata & Mad River R.R. Co.*, 125 Cal. 364, 57 P. 1065 (1899). Since California law currently does not allow recovery for loss of inheritance, the Berns were not prejudiced by Judge Ward's verbalized pre-disposition to admit evidence of actual inheritance in the event the Berns offered proof of loss of inheritance.

Secondly, even if loss of inheritance is a recoverable item under California law, it can be argued that such a claim is rebuttable by circumstantial evidence of a decedent's inability to leave an estate. For instance, in *Stathos v. Lemich*, 213 Cal. App.2d 52, 28 Cal.Rptr. 462 (1963), the court approved the admission of evidence regarding the decedent's inability to leave an inheritance to his children subsequent to the childrens' testimony regarding his anticipated generosity. *Id.* at 57, 28 Cal.Rptr. 462. Thus, in the instant case, Pan Am could arguably offer evidence on the decedents' inability to leave an inheritance as represented by the amount the children actually received.

In conclusion, the district court did not err by indicating that Pan Am could introduce evidence of actual inheritance in response to any proof by the Berns regarding loss of inheritance. Since the occasion for the effectuation of this ruling never arose and because, in any event, loss of inheritance is a non-recoverable item in California, the Berns' assignment of error is without substance.

### B. Excluded Testimony

■ Judge Ward barred the testimony of two economists relative to an estimation of the future total earnings of decedents from

1977 through 1993, the period of future work expectancy. He noted that the amount would necessarily be speculative in nature and that the Berns failed to lay an adequate foundation for the introduction of such evidence. The court indicated that if the Berns eventually laid such a foundation, it would reverse the ruling which excluded the testimony. (Excerpts of Record, Vol. 2, pp. 338–39).

To the extent that loss of inheritance is a non-recoverable item of damages under California law, the Berns were not prejudiced by the exclusion of the testimony regarding decedents' future earnings. In any event, the Berns failed to sustain an offer of proof relative to the economists' testimony. As the trial court found, the aggregation of sixteen years of earnings without an allowance for deductions for living expenses or support of the children would invite jury speculation on the amount of decedents' probable earnings. (Excerpts of Record, Vol. 2, p. 338, line 13). Therefore, the exclusion of the speculative testimony on the loss of inheritance claim did not constitute error.

### C. *Motion For A Directed Verdict*

■ At the conclusion of the parties' presentations of their respective cases, Judge Ward granted Pan Am's motion for a directed verdict on the Berns' claim for loss of inheritance. The Berns contend that this ruling, as well as the denial of their motion to reopen the case to cure alleged deficiencies, should be reversed.

■ Because the Berns failed to offer any evidence on the loss of inheritance claim, the entry of a directed verdict on this issue did not constitute error. The absence of proof engendered by the Berns' apparent reluctance to encounter Pan Am's rebuttal to any proffered evidence justified the removal of this claim from the jury's consideration. Furthermore, a motion to reopen to submit additional evidence is addressed to the sound discretion of the trial judge. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331–32, 91 S.Ct. 795, 803, 28 L.Ed.2d 77, *reh. denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971); *see Thomas v. SS Santa Mercedes*, 572 F.2d 1331, 1336 (9th Cir. 1978). Because the Berns presented no evidence on the loss of inheritance claim and have failed to assert the nature of the evidence they would have presented upon a reopening of the case, the denial of the motion to reopen the case did not constitute an abuse of discretion.

## II. APPELLANTS' PROPOSED JURY INSTRUCTIONS

The Berns assign error to the district court's failure to render their proffered instructions regarding (1) prejudgment interest and (2) recovery for heirs who have reached the age of majority.

### A. *Prejudgment Interest*

■ At trial the Berns requested an instruction which would authorize the jurors to award interest on the appellants' recovery from the date of their parents' death. On appeal they maintain that Judge Ward's refusal to render this prejudgment interest instruction provides grounds for reversal.

The discretionary award of prejudgment interest on damages in actions other than contract is authorized by section 3288 of the California Civil Code.[1] This section, which permits an award of prejudgment interest for unliquidated tort claims, provides that:

> In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice,

---

1. Appellants also rely on section 3287(a) of the California Civil Code which addresses the right to recover prejudgment interest. It provides:

   > Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, . . . .

   Cal.Civil Code § 3287(a).
   This section, however, is inapplicable to the instant action because it applies to liquidated and contractual claims. *Greater Westchester Homeowners' Assoc. v. City of Los Angeles*, 26 Cal.3d 86, 102, 160 Cal.Rptr. 733, 603 P.2d 1329 (1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).

interest may be given, in the discretion of the jury.

Cal.Civil Code § 3288; *see, Greater Westchester Homeowners' Assoc. v. City of Los Angeles*, 26 Cal.3d 86, 102–103, 160 Cal. Rptr. 733, 603 P.2d 1329 (1979), *cert. denied*, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).

In *Bullis v. Security Pacific National Bank*, 21 Cal.3d 801, 148 Cal.Rptr. 22, 582 P.2d 109 (1978), the Supreme Court of California affirmed an award of prejudgment interest in an action brought by a co-executor of an estate against a bank for damages flowing from the improper withdrawal of funds from the estate checking account by the other co-executor. The Court reasoned that both the amount of the loss suffered and the date on which the loss was suffered were readily ascertainable and that, therefore, the trial court's award of prejudgment interest did not constitute an abuse of discretion. Subsequently, in *Greater Westchester Homeowners' Association v. City of Los Angeles, supra,* ("*Greater Westchester*"), the Court disallowed the award of prejudgment interest on damages for mental and emotional injury in a nuisance action. The Court, in explaining and distinguishing *Bullis*, set forth a test for determining whether or not prejudgment interest is recoverable under § 3288:

> In *Bullis*, we characterize prejudgment interest as "awarded to compensate a party for the loss of his or her property." [Citations]. The award of such interest represents the accretion of wealth which money or particular property could have produced during a period of loss. Using recognized and established techniques a fact finder can usually compute with fair accuracy the interest on a specific sum of

money, or on property subject to specific valuation. Furthermore, the date of loss of the property is usually ascertainable, thus permitting an accurate interest computation. (*Bullis, supra* at p. 815 [148 Cal.Rptr. 22, 582 P.2d 109]). However, damages for the intangible non-economic aspects of mental and emotional injury [involved in the nuisance action before the court] are of a different nature. They are inherently non-pecuniary, unliquidated and not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive interest on such damages adds uncertain conjecture to speculation.

26 Cal.3d at 103, 160 Cal.Rptr. 733, 603 P.2d 1329.

Applying the test set forth in *Greater Westchester*, we conclude that prejudgment interest is not recoverable in the Berns' wrongful death action because their damages were not subject to precise calculation. Unlike the situation in *Bullis*, the Berns were not deprived of the use of a readily ascertainable sum of money during the period from the decedent's death to the date of judgment. Here, as in *Greater Westchester*, the amount of the Berns' damages is, in large measure, a matter of jury discretion.[2] We believe the California Supreme Court's admonition in *Greater Westchester* is equally applicable to this wrongful death case: "Retroactive interest on such damages adds uncertain conjecture to speculation." 26 Cal.3d at 103, 160 Cal.Rptr. 733, 603 P.2d 1329.

## B.  *Age of Majority*

■ The Berns secondly maintain that the trial court committed reversible error by refusing to render an instruction regard-

2. It is arguable that damages for mental and emotional injury, which were involved in *Greater Westchester*, are within the subjective discretion of the trier of fact to a greater extent than damages in a wrongful death action. Under California law, however, wrongful death damages are not limited to the proven pecuniary value of the plaintiff's loss. As stated in *Allen v. Toledo,* 109 Cal.App.3d 415, 423, 167 Cal.Rptr. 270 (1980):

Damages for wrongful death are not limited to compensation for losses with "ascertainable economic value" .... Rather, the measure of damages is the value of the benefits the heirs could reasonably expect to receive from the deceased if she had lived.... These benefits include the personal services, advice, and training the heirs would have received from the deceased, and the value of her society and companionship.... [Citations omitted].

ing the pecuniary interest of children in their parents' assets and earnings after they reach the age of majority. Such an instruction would presumably authorize the jury to award damages for a time beyond the appellants' respective ages of majority.[3] The Berns compare their proffered instruction with one approved by the California Supreme Court in *Redfield v. Oakland C.S.R. Co.*, 110 Cal. 277, 288, 42 P. 822 (1895), *mod. and reh. denied*, 42 P. 1063 (1896).[4] In contrast to the permissive language approved in *Redfield*, the Berns offered an instruction which referred to a child's right to enjoy parental benevolence after such child attained the age of majority.[5] The proffered instruction approaches a mandatory directive to award such damages whereas the instruction in *Redfield* permitted jurors to award damages past the age of majority if they found a basis to justify such an award.

Since the Berns' instruction was not synonymous with the instruction approved in *Redfield*, the court was not compelled to include it at the trial herein. Even in the absence of this discrepancy, the approval of the instruction in *Redfield* did not necessarily thereafter compel the rendering of a comparable instruction in all wrongful death actions. Finally, even if the failure to give such an instruction constituted error, the Berns have failed to demonstrate how its absence served to prejudice their interests. The general instruction regarding compensation for the value of all proba-

ble future benefits that each child would be reasonably certain to lose in the future adequately encompassed the scope of appellants' recoverable loss.

## III. MOTION FOR A NEW TRIAL

After trial the Berns filed a motion for a new trial which was denied. One of the three grounds supporting this motion was the appellants' assertion that the amount of damages was grossly inadequate. The district court found that the award was not low enough to constitute a denial of justice and that the verdict was not against the weight of the evidence. (Excerpts of Record, Vol. 2, p. 405). The Berns assert that denial of the motion for a new trial on the issue of adequacy of the award was erroneous and justifies reversal of the order.

Though the Berns' argument is phrased as a claim that the damages as awarded were inadequate, the question before this court is not whether the award was too low, but whether the district judge abused his discretion by denying the motion for a new trial. *Porterfield v. Burlington Northern, Inc.*, 534 F.2d 142, 146 (9th Cir. 1976). A litigant who appeals on the ground that denial of a motion for new trial was improper has a substantial burden to overcome to demonstrate the trial judge's abuse of discretion. *Id.* [6]

In the instant case, the Berns have failed to support their conclusory allegations by demonstrating the manner in which the tri-

---

**3.** The ages of the Berns children, Susan, Daniel and Steven, at the time of their parents' deaths were 20, 18, and 17 respectively.

**4.** In *Redfield* the Court approved the following instruction:
The pecuniary interest of children in the lives of their parents does not necessarily end with their arrival at the age of majority, but you may allow for the loss of probable benefits, if any, of a pecuniary value which the child would probably receive from its mother after its arrival at majority.
*Redfield v. Oakland C.S.R. Co., supra* at 288, 42 P. 822.

**5.** The Berns submitted the following instruction to the court:
You will note that each child has the right to enjoy their parents' love, care, comfort, society, instruction, advice, guidance, training

and services after each child reaches 18 as well as before they reach age 18. The law does not put any limit on the number of years for which they are entitled to damages for future losses.
(Appellee's Brief, p. 35).

**6.** Where a litigant forwards a motion for a new trial based on a claim that the verdict is excessive, the Ninth Circuit has stated that it may not reverse the trial court unless the verdict is grossly excessive or monstrous "[a]bsent a total want of evidence on all or certain portions of the case, or the erroneous exclusion from consideration by the trial court of appropriate matters or a showing of bias or prejudice on the part of the jury, ...." *Siebrand v. Gossnell*, 234 F.2d 81, 94 (9th Cir. 1956); *quoted with approval, Barzelis v. Kulikowski*, 418 F.2d 869, 870 (9th Cir. 1969). Though the *Siebrand* test

al court abused its discretion by denying the motion for a new trial. Therefore, the denial of the motion for a new trial is affirmed.

## IV. AWARD OF COSTS

■ In a cross-appeal, Pan Am contends that the trial court erroneously awarded costs to the Berns as "prevailing parties." We find that because Pan Am does not constitute a "prevailing party" within the meaning of Local Rule 15(d) of the Local Rules of the District Court for the Central District of California, it was not entitled to costs. Therefore, the award of costs to the Berns is affirmed.[7]

All rulings to which the appellants assign error by way of the instant appeal are hereby affirmed.

AFFIRMED.

addresses the issue of excessive verdicts, the level of proof required to warrant reversal of an order on a motion for a new trial sheds light on this court's ability to find error with Judge Ward's ruling in the instant action.

7. Local Rule 15(c) of the Rules for the District Court for the Central District of California provides that a defendant is the prevailing party when such defendant offers a judgment in a sum certain which is rejected by the plaintiff who thereafter is awarded the amount offered by the defendant, or less. Local Rule 15(c), United States District Court for the Central District of California. If a defendant is a prevailing party within this definition, such defendant will be the recipient of an award of costs. Pan Am made a collective offer of $500,000 to all complaining parties who thereafter received $450,000. Because the forwarding of a collective offer does not constitute a "sum certain" within the meaning of the Rule, Pan Am cannot benefit from its provisions.