Edward BENDOCCHI; Dolores Bendocchi, Plaintiffs–Appellants,

v.

HOWMEDICA, INC., a Delaware corporation f/k/a Pfizer Hospital Products Group, Inc., Defendant–Appellee.

No. 99–35271.

D.C. No. CV–96–00311–EJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2000.

Decided Jan. 18, 2001.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Before B. FLETCHER and FISHER, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Dolores and Edward Bendocchi appeal the district court's denial of their motion

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for a partial new trial on the issue of damages. After Edward Bendocchi's prosthetic knee failed and had to be replaced, the Bendocchis sued Howmedica, the manufacturer of Edward Bendocchi's prosthetic knee, asserting a variety of claims including strict liability and negligence. The jury returned a verdict against Howmedica limited to negligent failure to warn Bendocchi of the dangers associated with the knee replacement. Because the parties are familiar with the facts, we do not restate them here.

The Bendocchis' principal argument is that the district court applied the wrong legal standard when, after the close of the evidence, it refused to allow the jury to consider an award of punitive damages. They contend that the court committed error when, in its oral ruling denying their motion to amend the pleadings to allow a claim for punitive damages, it stated that "the Plaintiffs in the Court's judgment have not shown by a preponderance of the evidence that an award of punitive damages meets [the applicable standard]."

Idaho law provides that no claim for punitive damages shall be filed unless the court, pursuant to pretrial motion, permits an amendment to include a prayer for punitive damages. Such a motion shall be granted "if the moving party establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." Idaho Code § 6–1604(2). The Bendocchis argue that by reserving its ruling until the close of the evidence the district court erroneously required them to prove their entitlement to punitive damages rather than to simply establish the likelihood of proving sufficient facts at trial.

While section 6–1604(2) controls the disposition of a motion to amend pleadings to state a punitive damages claim-normally, as the statute contemplates, in the pretrial context-it does not address the central issue before us: the exercise of the court's discretion whether to instruct a jury on punitive damages after the close of evidence. On that issue, Idaho courts have consistently held that "[t]he decision of whether to instruct on punitive damages is within the discretion of the trial judge." *Fitzgerald v. Walker*, 121 Idaho 589, 826 P.2d 1301, 1305 (Idaho 1992); *see also Soria v. Sierra Pac. Airlines*, 111 Idaho 594, 726 P.2d 706, 723 (Idaho 1986). "An abuse of discretion will be found only when there is not substantial evidence to support the trial court's decision." *Fitzgerald*, 826 P.2d at 1305; *see also General Auto Parts Co. v. Genuine Parts Co.*, 132 Idaho 849, 979 P.2d 1207, 1210 (Idaho 1999).

█ Reading the court's ruling in context, we find it consistent with Idaho law. A plaintiff seeking to amend the complaint to include a claim for punitive damages must show only a reasonable likelihood of proving facts at trial sufficient to support an award for punitive damages. But once all the evidence has been submitted to the jury at trial, the proper inquiry is whether the plaintiff has presented sufficient evidence for any reasonable jury to conclude that the plaintiff is entitled to punitive damages. *Cf. Garnett v. Transamerica Ins. Servs.*, 118 Idaho 769, 800 P.2d 656, 668 (Idaho 1990) ("In addressing whether the trial court abused its discretion in allowing the jury to consider punitive damages, [Idaho precedent] focus[es] on the sufficiency of the evidence to support the jury's award"). In ruling on the Bendocchis' motion to instruct the jury on punitive damages, the court correctly noted that under Idaho law, "[t]he facts at trial ... must establish in order to award punitive damages ... that the claimant has proven by a preponderance of the evidence, suppressive [sic, oppressive], fraudulent, wanton, malicious or outrageous con-

duct." The court then found that "the plaintiffs ... have not shown by a preponderance of the evidence that an award of punitive damages meets the extreme [sic] harmful state of mind standard, or an extreme deviation from reasonable standards, and would be inappropriate to submit to the jury." The district court's statement may be ambiguous, but a reasonable contextual interpretation is that the court found that, based on the evidence the Bendocchis presented at trial, no reasonable jury could conclude by a preponderance of the evidence that Howmedica's conduct satisfied Idaho's requirements for an award of punitive damages.

The Bendocchis also complain of the court's statement, in the course of its ruling, that their strict liability claim was "fairly debatable." However, their argument that the court relied on evidence of Howmedica's PCA knee, rather than Howmedica's conduct, is refuted by the court's next sentence in which it focused on the required proof of malicious or outrageous conduct.

▆▆▆ Thus, our review is limited to the question whether substantial evidence supported the trial court's decision not to instruct the jury on punitive damages. *Fitzgerald,* 826 P.2d at 1305. We are not to substitute our judgment for that of the trial court in deciding whether the evidence would have been sufficient to support a verdict. *Id.* It is sufficient that substantial evidence exists to support the court's decision not to instruct on punitive damages. *Id.* As to Howmedica's alleged bad acts, the Bendocchis' own expert admitted that he was not an expert in testing protocol and that there were no established industry standards by which to determine whether Howmedica's testing procedures were an unreasonable deviation. As to Howmedica's alleged bad state of mind, much of the evidence the Bendocchis

point to regarding Howmedica's pre–1987 knowledge consists of studies that were either preliminary or published after that date. The worst that can be said of the 1985 internal memoranda is that Howmedica failed to actively research and respond to possible failures. The Bendocchis' assertion that Howmedica actively concealed "thousands of premature failures associated with the tibial component of the PCA Knee" is not borne out by the record. Taking into consideration the fact that Idaho does not favor punitive damages and that Idaho courts award them cautiously and only under the most compelling and unusual circumstances, *see Manning v. Twin Falls Clinic & Hosp.,* 122 Idaho 47, 830 P.2d 1185, 1190 (Idaho 1992); *Jones v. Panhandle Distribs., Inc.,* 117 Idaho 750, 792 P.2d 315, 320 (Idaho 1990); that the "justification for punitive damages must be that the defendant acted with an extremely harmful state of mind," *Manning,* 830 P.2d at 1190; and that the defendant's conduct must constitute an extreme deviation from reasonable standards of conduct, *Cheney v. Palos Verdes Inv. Corp.,* 104 Idaho 897, 665 P.2d 661, 669 (Idaho 1983); we conclude that the district court did not abuse its discretion in refusing to permit the jury to consider them.

▆▆▆ The Bendocchis also argue that the district court erred by failing to instruct the jury on their entitlement to accelerated damages for Mr. Bendocchi's 1994 revision surgery as well as for possible future surgeries. They further argue that the jury's failure to award them special damages, despite ample evidence, was against the weight of the evidence and shows that they were prejudiced by the court's inadequate instruction on the issue of damages. However, Jury Instruction No. 36 provided that the Bendocchis could recover "[t]he reasonable value of necessary medical care and the present cash

value of similar items reasonably certain and necessary to be required in the future" if such damages were "prove[n] by the evidence to have been proximately caused" by Howmedica's actions. Because these instructions correctly stated Idaho law, *see Swanson v. Veterans Admin.*, 557 F.Supp. 1041, 1046 (D.Idaho 1983), and cannot be said to have misled or inadequately instructed the jury on the damages available to the Bendocchis, the district court did not abuse its discretion by rejecting their proposed instruction. *See Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996); *United States v. Lopez–Alvarez*, 970 F.2d 583, 597 (9th Cir.1992) (holding court does not err in refusing supplemental jury instruction if other instruction adequately covers theory). Similarly, given the varied evidence on damages presented at trial, the jury's decision to decline to award special damages for future surgeries or lost wages cannot be said to be contrary to the weight of the evidence. *See Sanchez v. Galey*, 112 Idaho 609, 733 P.2d 1234, 1240 (Idaho 1986).

Thus, we conclude that the district court did not abuse its discretion in denying the motion for a new trial. *See Berns v. Pan Am. World Airways, Inc.*, 667 F.2d 826, 831 (9th Cir.1982) (decision not to grant).

AFFIRMED.

---

[*] Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.