[No. 15851.    Department One.—June 6, 1895.]

## SAMUEL VAN PRAAG, RESPONDENT, v. JOHN GALE, APPELLANT.

NEGLIGENCE — LEAVING TRAPDOOR OPEN — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT—NONSUIT.—Where the plaintiff was injured by falling through an opening maintained by defendant in the sidewalk, which had no railing or protection around it, and which was occasioned by the defendant leaving a trapdoor open flat upon the sidewalk, which the plaintiff had crossed a few moments before when closed, and had not seen opened, and did not observe that it was open by reason of being absorbed in business while attempting to repass, although he was familiar with the defendant's habit of opening the trapdoor daily at intervals, and had seen it opened daily for years, and had spoken to defendant of the opening as being dangerous, the question of the plaintiff's contributory negligence is one of fact for the jury, and a motion for a nonsuit on the ground that the plaintiff's negligence contributes to the injury is properly overruled.

ID.—DOUBTFUL INFERENCE—QUESTION OF FACT.—Where the surrounding circumstances leave the inference of negligence open to doubt, debate, or difference of opinion, and it appears that the object of danger was only occasionally presented, and was not usually existent as a menace, it is proper to submit the question of plaintiff's negligence to a jury.

ID.—MIXED QUESTION OF LAW AND FACT.—As a general proposition cases of negligence (to which those of contributory negligence form no exception) present a mixed question of law and fact, in which it devolves upon the court to say, as matter of law, what is or amounts to negligence, and upon the jury to say, as matter of fact, whether or not, in the particular case, the facts in proof warrant the imputation of negligence.

ID.—QUESTION OF LAW—EXCEPTION.—The court should decide the question of negligence as a matter of law when the facts are clearly settled, and the course which common prudence dictates can be readily discerned; but that contributory negligence is matter of law is the exception, and not the rule; and it is only where the inference of negligence is irresistible that it becomes the duty of the court to decide upon it as matter of law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*A. B. Hunt,* for Appellant.

The negligence of the plaintiff contributes proximately to the injury, and he cannot recover.    (Buswell on Personal Injuries, ed. 1893, sec. 134, and cases cited; *Sheffield* v. *Rochester etc. R. R. Co.,* 21 Barb. 341; *Bieseigal* v. *New York etc. R. R. Co.,* 33 Barb. 429; *Delafield* v. *Union Ferry Co.,* 10 Bosw. 218–20; *Thrings* v. *Central Park R. R. Co.,* 7 Rob. (N. Y.) 617; *Flemming* v. *Western Pac. R. R. Co.,* 49 Cal. 253, and authorities cited, p. 258; *McQuilken* v. *Central Pac. R. R. Co.,* 64 Cal. 466; *Ryall* v. *Central Pac. R. R. Co.,* 76 Cal. 474; *Glascock* v. *Central Pac. R. R. Co.,* 73 Cal. 137.)    Care imports activity and caution.    (*Gilman* v. *Deerfield,* 15 Gray, 577, 580.)    Defendant's negligence or violation of statute does not relieve plaintiff from the obligation to exercise due care.    (*Ryall* v. *Central Pac. R. R. Co., supra;* Buswell on Personal Injuries, sec. 134.)    The evidence of the plaintiff himself in this case shows not only an entire want of care and prudence on his part, but that he was guilty of gross carelessness, amounting to rashness.    (*Wilson* v. *City of Charlestown,* 8 Allen, 138; 85 Am. Dec. 693; *Gilman* v. *Deerfield, supra; Peetz* v. *St. Charles etc. R. R. Co.,* 42 La. Ann. 546, 547; *Walker* v. *Reidsville,* 96 N. C. 382; *Moore* v. *Abbot,* 32 Me. 46; *Bruker* v. *Town of Covington,* 69 Ind. 33–37; 35 Am. Rep. 202; *Hesser* v. *Grafton,* 33 W. Va. 548; *Pennsylvania Co.* v. *Rathgeb,* 32 Ohio St. 66; *Schaefler* v. *Sandusky,* 33 Ohio St. 246; 31 Am. Rep. 533; *City of Quincy* v. *Barker,* 81 Ill. 303; 25 Am. Rep. 278; *City of Centralia* v. *Krouse,* 64 Ill. 20–24; *Alline* v. *City of Le Mars,* 71 Iowa, 654, 655; *Moore* v. *City of Richmond,* 85 Va. 538–45; *City of Indianapolis* v. *Cook,* 99 Ind. 10; *City of Plymouth* v. *Milner,* 117 Ind. 324; *Hudson* v. *Wabash etc. Ry. Co.,* 101 Mo. 14, 34, 35; *Flemming* v. *Western Pac. R. R. Co.,*

*supra; McQuilken* v. *Central Pac. R. R. Co., supra; Glascock* v. *Central Pac. R. R. Co., supra; Ryall* v. *Central Pac. R. R. Co., supra.*)

*Stafford & Stafford,* for Respondent.

Contributory negligence is a question of fact when reasonable men might differ as to the inference. (*Davies* v· *Oceanic Steamship Co.,* 89 Cal. 280; *Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462; *Ingerman* v. *Moore,* 90 Cal. 424; *Swoboda* v. *Ward,* 40 Mich. 424; *Coombs* v. *New Bedford Cordage Co.,* 102 Mass. 585; 3 Am. Rep.˙506; *Lyman* v. *Hampshire Co.,* 140 Mass. 311; *Robinson* v. *Western Pac. R. R. Co.,* 48 Cal. 422; *Strong* v. *Sacramento etc. R. R. Co,* 61 Cal. 326; *Tobin* v. *Omnibus Cable Co.* (Cal., Aug. 31, 1893), 34 Pac. Rep. 124.) Neither failure to observe a dangerous place on a public street or sidewalk, nor previous knowledge of its existence, is conclusive of negligence, but a traveler has a right to presume that travel is safe. (*Barry* v. *Terkildsen,* 72 Cal. 256; 1 Am. St. Rep. 55; *Whittaker* v. *West Boylston,* 97 Mass. 273; *Woods* v. *City of Boston,* 121 Mass. 337; *Smith* v. *Lowell,* 6 Allen, 39; *Gordon* v. *City of Richmond,* 83 Va. 436; *Driscoll* v. *Mayor etc.,* 11 Hun, 101; *McGuire* v. *Spence,* 91 N. Y. 303; 43 Am. Rep. 668; *Davenport* v. *Ruckman,* 37 N. Y· 568; 2 Shearman and Redfield on Negligence, sec. 375; *Lyman* v. *Hampshire Co., supra; Clifford* v. *Dam,* 81 N. Y. 52; *Jennings* v. *Van Schaick,* 108 N. Y. 530; 2 Am. St. Rep. 459; 2 Thompson on Negligence, 1197; *Pitman* v· *City of El Reno* (Okl., Sept. 8, 1894), 37 Pac. Rep. 851; *Village of Clayton* v. *Brooks,* 150 Ill. 97; *Town of Fowler* v. *Linquist* (Ind., Apr. 19, 1894), 37 N. E. Rep. 133.) The plaintiff had the right to the free use of the entire sidewalk. (*Stephani* ˙v. *Brown,* 40 Ill. 428; *Bacon* v. *City of Boston,* 3 Cush. 174; 1 Thompson on Negligence, 345; *City of Aurora* v. *Hillman,* 90 Ill. 61.)

SEARLS, C.—This is an action to recover damages from the defendant, John Gale, for injuries sustained by the plaintiff in falling through an open trapdoor,

constructed and maintained by defendant in the side-
walk, upon the west side of Polk street, between Bush
and Sutter streets, city and county of San Francisco.
Plaintiff had a verdict for four hundred dollars, upon
which judgment was entered in his favor.   The appeal
is by defendant from the judgment.

At the close of the testimony on the part of the
plaintiff defendant moved for a nonsuit upon several
grounds, the only important one of which is involved
in the proposition that if any injury was received by
the plaintiff it was due to his own want of ordinary care
and prudence, and that his own negligence contributed
directly to such injury.

The motion for a nonsuit was overruled by the court,
and such ruling constitutes the only assignment of er-
ror.

The evidence on the part of plaintiff tended to show
that for ten years prior to March 1, 1893, plaintiff had
kept a cigar-store on the west side of Polk street, be-
tween Sutter and Bush streets.   Defendant, for say
eight years, had owned a building consisting of two
stores north of and adjoining plaintiff's cigar-store.
The store of defendant next to plaintiff was a candy-
store, and in front of it and close to the building de-
fendant had had trapdoors placed in the sidewalk, say
four feet wide by four feet four and one-half inches in
length, which opened on hinges from the center, and
when open were turned back flat upon the sidewalk.   A
stairway led from the opening to the basement, which
was used by the tenants of defendant's building.   The
iceman usually came in the morning at 7 o'clock, the
ashman about 9 A. M., and the gasman at intervals, and
these doors were opened to give them access to the base-
ment.   The sidewalk was fifteen feet wide, of which
eleven feet were clear of the trapdoors.

Plaintiff was entirely familiar with the opening, had
often been up and down the stairs, had seen it daily for
years, and had spoken to defendant of the opening as
being dangerous.

The opening had no railing or protection around it, and was probably maintained in violation of a city ordinance of San Francisco.

On the morning of March 1, 1893, about 9 o'clock A. M., plaintiff being on the sidewalk in front of his store, was called by Mr. Weinshenk, who kept a jewelry-store next north of the candy-shop, and went to the jewelry-store either over or past the trapdoors, which were closed, talked with the jeweler probably three to five minutes, during which interval the ashman came, and one of the trapdoors was opened to admit him to the basement, and the plaintiff while returning south toward his store, thinking of what the jeweler had said to him, and perhaps looking at a paper with some figures upon it, fell into the opening and was seriously injured. Plaintiff had seen the ashman drive up, but had not seen the trapdoor opened.

The question presented upon the motion for nonsuit was, not whether there was some evidence of contributory negligence on the part of plaintiff, but rather was the evidence of such contributory negligence so plain and palpable as to be indisputable, and the inferences or conclusions to be drawn therefrom so plain that it was the duty of the court, as a matter of law, to pass upon the question and take it from the jury. As a general proposition cases of negligence (to which those of contributory negligence form no exception) present a mixed question of law and fact, in which it devolves upon the court to say, as matter of law, what is or amounts to negligence, and upon the jury to say as matter of fact, whether or not in the particular case the facts in proof warrant the imputation of negligence. The court furnishes the standard; the jury adjusts the facts, and pronounces them as up to or falling short of the requirements of the standard. (*Fernandes* v. *Sacramento City Ry. Co.*, 52 Cal. 45; *Clayards* v. *Dethick*, 12 Q. B. 439; Wharton on Negligence, sec. 420.)

When, however, "the facts are clearly settled, and the course which common prudence dictates can be readily

discerned, the court should decide the case as a matter of law." (Shearman and Redfield on Negligence, sec. 26; *Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253; *Deville* v. *Southern Pac. R. R. Co.*, 50 Cal. 383.)

In *Detroit etc. R. R. Co.* v. *Van Steinburg*, 17 Mich. 99, Judge Cooley said: "The case, however, must be a very clear one, which would justify the court in taking upon itself this responsibility. For, when the judge decides that a want of due care is not shown, he necessarily fixes in his own mind the standard of ordinary prudence, and, measuring the plaintiff's conduct by that, turns him out of court upon his opinion of what a reasonably prudent man ought to have done under the circumstances. He thus makes his own opinion of what would be generally regarded as prudence a definite rule of law. It is quite possible that, if the same question of prudence were submitted to a jury collected from the different occupations of society, and perhaps better competent to judge of the common opinion, he might find them differing with him as to the ordinary standard of proper care. The next judge, trying a similar case, may also be of a different opinion, and, because the case is not clear, hold that to be a question of fact which the first has ruled to be one of law. Indeed, I think the cases are not so numerous as has been sometimes supposed in which a judge could feel at liberty to take the question of the plaintiff's negligence away from the jury. That contributory negligence is matter of law is plainly the exception and not the rule."

The gist of the contention in the present case, although not expressed in so many words, seems to be that, as there is no conflict in the testimony, the facts are established, and it is the duty of the court to decide the issue as a question of law.

But it by no means follows that the facts are admitted because there is no conflict in the testimony.

Negligence is not ordinarily proven by direct and positive testimony, and is not so proven in this case. What the plaintiff did is established without dispute

and beyond cavil. But whether from this conduct the deduction is inevitable that he did not exercise the precautions for his own safety which a reasonable man would have done under precisely the same circumstances is not so clear. That this is the ultimate fact to be determined must be conceded.

It is only where the inference of negligence is irresistible that it becomes the duty of the court to decide upon it as matter of law, and, when the facts or the inference to be drawn from them are in any degree doubtful, the only proper rule is to submit the whole matter to the jury, under proper instructions. (*Fernandes* v. *Sacramento City Ry. Co.*, *supra*, and cases there cited.)

To some minds probably the conclusion would seem irresistible that he who, with eyes to see, in broad daylight walks into an open trapdoor in the sidewalk is lacking in that care and caution which characterizes the man of ordinary prudence.

Others may well reason that plaintiff was entitled to a safe passage over a walk prepared by the public for the accommodation of all its citizens. That he was interested and absorbed in the business in hand was in line with observed facts among men of ordinary caution in similar cases; that he should, in aid of his mental process, refer to the figures which he had probably just jotted down, and in so doing fail to see that a passageway, which but a few minutes before he had found safe and free from obstruction, had been turned into a yawning chasm, only evinces a *lapsus* to which the most thoughtful and prudent men are subject. Bearing in mind that it is only in cases where there is no dispute as to the facts and no room for difference of opinion as to the inferences and conclusions to be drawn from those facts that the court is justified in taking the question from the jury (Beach on Contributory Negligence, sec. 449), and we are not surprised at the action of the court in denying the motion for a nonsuit. (*Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143, and cases there cited.)

The surrounding circumstances leave a conclusion, which would otherwise be inevitable, open to debate, and in this respect differentiates it from *Hager* v. *Southern Pac. Co.*, 98 Cal. 310, and from *Davis* v. *California St. Cable R. R. Co.*, 105 Cal. 131.

*Hager* v. *Southern Pac. Co.*, *supra*, comes within a class of cases which, by frequent recurrence, and by reason of the element of recklessness connected therewith, has given rise to a fixed standard by which the law, in the absence of extenuating circumstances, passes upon the question of contributory negligence.

Beach on Contributory Negligence, at section 452, where, after discussing the rule requiring one who crosses a railroad track to be on his guard, and, before attempting to cross, to look attentively up and down the track, it is said: " But as the law now stands the standard is fixed.  One must look up and down the track; any thing short of that is negligence."

In *Davis* v. *California St. Cable R. R. Co.*, *supra*, there was a known and fixed object, viz., an iron or steel rail, adjacent to a street-lamp, over which plaintiff fell. In the present case the object of danger was only occasionally presented, and was not usually existent as a menace, and it was proper in such a case to submit the question of plaintiff's negligence to a jury.

The judgment appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.