MYERS v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 818*)—DEFECTS IN SIDEWALKS—CUSTOM—EVIDENCE.

In an action for personal injuries by one who had fallen into an opening in the sidewalk, it was error not to permit a police officer, whose duty it was to observe the condition of the place and its negligent use, to testify as to the custom of leaving the place open when not in use.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1726–1738; Dec. Dig. § 818.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—DEFECT IN SIDEWALK—INJURY TO PEDESTRIAN—QUESTIONS FOR JURY.

Whether one was negligent in walking along the sidewalk with his eyes raised to the bulletin board of a newspaper office, causing him to fall into an opening in the walk, was a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—QUESTIONS FOR JURY—PROTECTING OPENINGS IN SIDEWALKS.

Whether an opening in a sidewalk was sufficiently protected by the doors, two feet wide, being held in a vertical position by rods connecting their corners, and, even so, whether it was left open unnecessarily, and, if so, negligently, were questions of fact for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

4. MUNICIPAL CORPORATIONS (§ 763*)—SIDEWALKS—LIFTS—OPENINGS—PERSONAL INJURIES.

If an abutting owner was permitted by a city to keep an opening in the sidewalk, the city was bound to see that it was properly used and sufficiently guarded, and if the city knew, or with proper care should have known, that such opening was not so used or protected, it would be liable to one injured by falling into it for culpable failure of duty in respect thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1612–1615; Dec. Dig. § 763.*]

5. MUNICIPAL CORPORATIONS (§ 821*)—DEFECT IN SIDEWALK—INJURY TO PEDESTRIAN—QUESTION FOR JURY.

If the facts should show that a lift in a sidewalk was a nuisance, the question of the negligence of the city in allowing it to exist is a question for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Joseph G. Myers against the City of New York and the Brooklyn Citizen. Judgment for defendants, and plaintiff excepts. Exceptions sustained.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John C. Robinson, of New York City, for plaintiff.

James D. Bell, of Brooklyn (P. E. Callahan, of Brooklyn, on the brief), for defendant the City of New York.

Henry E. Heistad, of Brooklyn, for defendant the Brooklyn Citizen.

THOMAS, J. The plaintiff, walking up Fulton street in the borough of Brooklyn, fell into an opening in the sidewalk, kept for some three or four years by the defendant the Brooklyn Citizen, with the knowledge of the same and without dissent on the part of the city of New York. The opening was in front of the building of the defendant Brooklyn Citizen, and in it was a lift used for carrying to its cellar paper used by such defendant; and for the purpose of closing the opening two doors, each about two feet in width, were used, and, to guard the public when these doors were open, they were raised up vertically, while bars at each end held them in position and tended to guard pedestrians.

[1] There is no evidence that the lift was in use at the time of the accident, or that it had been used shortly before the same. A police officer saw it a half hour before in the same condition, but, although it was his duty to observe the condition of the place and make report to the city of negligent use of the place, he was not permitted to testify, erroneously, I think, as to the custom of leaving the place open when not in use.

[2] The plaintiff, at about half past 8 or 9 o'clock at night in passing the place was attracted to the bulletin board of such defendant Brooklyn Citizen, and, failing to see the obstruction, walked against it, and fell over the guard to the bottom of the cellar. Whether the plaintiff was guilty of contributory negligence in directing his eyes to the bulletin board, which was placed there for the very purpose of diverting attention of the passers-by, was a question for the jury.

[3] Whether the opening was properly protected, and, even so, whether it was left open unnecessarily, and, if so, negligently, were questions of fact for the jury.

[4] If the abutting owner was permitted by the city to keep the lift, exercising proper care in doing so, it was the duty of the city nevertheless to use care to see to it that it was not used improperly, and if the guards were insufficient, or there were unnecessary and thereby negligent use of the opening, and the city had or in the exercise of proper care should have known of the same, it would be liable to the plaintiff for culpable failure of duty in respect to such matters.

[5] I have not mentioned the matter of nuisance, for the reason that the complaint is based upon negligence. Neither defendant affirms that the opening was unlawful. If the facts should show that it was unlawful, then the question of the negligence of the city in allow-

139 N.Y.S.—28

ing the obstruction to exist would also be for the jury, although from the length of time that the opening had been there the assent of the city could be inferred. These questions should be determined by a jury, and not by the court.

Plaintiff's exceptions should be sustained, and a new trial granted,. costs to abide the event. All concur.