(163 App. Div. 52)

LANGEVIN v. SCHALLER. (No. 178–83)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

1. MUNICIPAL CORPORATIONS (§ 819*)—STREETS—INJURIES TO PERSONS ON STREET—NEGLIGENCE.

In an action against an abutting owner for injuries caused by a rope strung across the sidewalk, evidence *held* sufficient to sustain a finding of the owner's negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

2. MASTER AND SERVANT (§ 319*)—INDEPENDENT CONTRACTORS—DEFENSES.

A baker who used large quantities of flour and elevated the flour into his shop by means of pulleys and a rope, which extended across the sidewalk and was only a few inches above it, contracted with a truckman to elevate the flour into his shop, using the rope and pulleys, for an agreed sum per barrel. *Held*, that the baker was charged with the duty of exercising care that pedestrians, using the sidewalk, should not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be injured by the rope, and hence an action for injuries caused by the rope could not be defeated on the ground that the truckman was an independent contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1259, 1260; Dec. Dig. § 319.*]

Appeal from Trial Term, Schenectady County.

Action by Abedingo Langevin against Alonzo Z. Schaller. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James A. Van Voast, of Schenectady, for appellant.

Leary & Fullerton, of Saratoga Springs (James A. Leary, of Saratoga Springs, of counsel), for respondent.

JOHN M. KELLOGG, J. [1] The plaintiff's intestate tripped and fell over a rope extending across the sidewalk on Henry street, and suffered the injuries for which he has recovered. December 4, 1912, he was returning to his home between 6:30 and 6:45 in the evening, and found a lumber wagon blocking the sidewalk in front of the plaintiff's premises. He passed around in front of the team, came upon the sidewalk, and continued his course. When a few feet from the wagon he stumbled over a rope extending a few inches above the sidewalk.

On the second floor of the defendant's building he received and stored the flour for his bakery, receiving for use therein about a car load of flour each month and a half. The flour was taken from the wagon and elevated into the bakery by means of a rope and pulleys. A block was placed near the building and another block outside of the sidewalk, and a rope extended from the pulley upon each side of these blocks across the sidewalk to a pulley above. A horse hitched to the rope in the street drew the flour from the wagon into the second story. When the rope was taut it was a few inches above the sidewalk; when slack it lay upon the walk. The defendant was permitted by the city authorities to put the blocking in the street for the purpose of operating the pulleys. There were no protections here to guard against just such an accident as happened, and the jury were justified in finding that the injury came from the negligent manner of using the rope across the sidewalk.

[2] It is urged, however, that the defendant contracted with a truckman to draw the flour from the freighthouse and elevate it into the second story of his building, using the apparatus provided for that purpose, the defendant paying eight cents per barrel for such service, and that the negligence is not the negligence of the defendant, but of an independent contractor for which he is not responsible. In operating this rope across the sidewalk the duty was charged upon the defendant of exercising care that pedestrians using the walk should not be injured thereby. Every person using a sidewalk for the purposes of trade or business conducted upon his premises is charged

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the duty of taking reasonable care to protect the public from injury resulting from such use of the walk. The contract with the truckman contemplated the use of the rope across the sidewalk, and charged upon the defendant the duty of seeing that the rope was used with due regard to the safety of pedestrians. Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207; Scott v. Curtis, 195 N. Y. 424, 88 N. E. 794, 40 L. R. A. (N. S.) 1147, 133 Am. St Rep. 811.

We have examined the facts with care, and find the judgment fairly sustained by the evidence, and find no error calling for a reversal of the judgment. The judgment and order are therefore affirmed, with costs. All concur.