[Civ. No. 3130. First Appellate District, Division Two.—December 31, 1919.]

ELAINE GRIFFIN Du VAL, Respondent, v. BOOS BROS. CAFETERIA CO. (a Corporation), et al., Appellants.

[1] NEGLIGENCE—PERSONAL INJURIES—DAMAGES.—In this action for damages for personal injuries, the award of the jury was not so disproportionate to the injury proved as to justify the conclusion that the verdict was not the result of the cool and dispassionate discretion of the jury. Precise accuracy in assessing damages for personal injuries is never attainable.

[2] ID.—FUTURE SUFFERING—DAMAGES—INSTRUCTIONS.—In an action for damages for personal injuries, an instruction to the effect that one of the elements entering into the measure of damages is "such

---

1. What is excessive verdict for injuries not resulting in death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

2. Right to recover for future pain and suffering due to personal injuries, note, 9 Ann. Cas. 1051.

reasonable sum as the jury should award her on account of any physical pain or anxiety she may have suffered or may certainly suffer in the future by reason of her injury," is not erroneous.

[3] Id.—Ordinary Care — Duty of Pedestrians.—Pedestrians must use such caution as ordinarly prudent men exercise under similar circumstances. The law does not define this ordinary care.

[4] Id.—How Measured—Conclusion of Jury—When Disregarded. Negligence is not absolute, but is always relative to the particular circumstances on which it is sought to be predicated, and it is only where reasonable men can draw but one conclusion that the determination of the jury upon the question may be disregarded.

[5] Id.—Abstraction of Pedestrian — Contributory Negligence.— Mere abstraction on the part of a pedestrian does not constitute contributory negligence.

[6] Id.—Maintenance of Sidewalk Elevator—Liability of Owners and Users.—Where the owner of property maintains a sidewalk elevator, he is liable for injuries to pedestrians caused by his negligence, either in the construction, maintenance, or the operation of the elevator under his direction, or with his knowledge and by his permission; and one who uses such an elevator is liable for the results of his own negligence.

[7] Id.—Happening of Accident — Absence of Explanation — Evidence of Want of Care.—Where, at the time the plaintiff fell through the hole in the sidewalk caused by the opening of the door of the sidewalk elevator, the elevator, with its doors, was under the joint management of the owner of the building and the company making delivery of purchases to such owner, and the accident was such as in the ordinary course of things does not happen if those having the management and control of such an instrumentality use proper care, the fact of the accident, in the absence of explanation, affords reasonable evidence of want of care.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dockweiler & Mott, Haas & Dunnigan, Isidore B. Dockweiler, Frank L. Stobbs and Hyman Schwartz for Appellants.

E. B. Drake for Respondent.

BRITTAIN, J.—The respective appellants operated, and delivered meat to a cafeteria in Los Angeles. The respond-

ent was awarded a verdict of seven thousand five hundred dollars for personal injuries alleged to have been suffered through the concurrent negligence of the appellants, who prosecute separate appeals upon the same record. They are presented and considered together.

The opening brief of the Cafeteria Company was almost two years overdue. It was on file at the time of the oral argument and the respondent was given an opportunity to reply to it. It is contended that that appeal should not be considered. While rules of court designed to facilitate its business may never be disregarded with safety, under the circumstances the present case will be determined on its merits. From an examination of the entire record, including the evidence, the conclusion has been reached that the judgment must be affirmed, upon the grounds stated in disposing of the specific contentions of the appellants.

Between noon and 12:15 P. M. the respondent was walking along one of the most congested thoroughfares in the city. On one step she placed her right foot on the still closed door of a sidewalk elevator, and on advancing her left foot it went into the hole caused by the opening of the other door. She fell to the basement and sustained injuries.

[1] It is contended the award of seven thousand five hundred dollars was excessive. It is conceded that actual damages of $1,580 were proved. At the time of the accident the respondent was twenty-eight years old, employed as a stenographer, at sixty-five dollars per month. She was confined to her bed in the hospital for four weeks and for a further period of four weeks at her home. She received a profound shock to her nervous system. There was a fracture of the pelvis, which had not completely united at the time of the trial, and there was surgical testimony to the effect that from four to sixteen months would thereafter elapse before there would be a complete knitting of the bone. The respondent was able to get about only by means of a wheel-chair, with assistance, or by taking hold of objects while walking about a room. It is possible that if it were the function of this court to assess damages a smaller award might have been made, but the amount is not so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the exercise of cool and dispassionate discretion of the jury. (*Redfield* v. *Oak-*

*land etc. Co.,* 110 Cal. 285, [42 Pac. 822, 1063].) 'Precise accuracy in assessing damages for personal injuries is never attainable. (*Kline* v. *Santa Barbara,* 150 Cal. 741, [90 Pac. 125].) A motion for new trial was denied. The trial court should be vigilant to set aside verdicts where there is reason to believe passion, prejudice, or sympathy has influenced the jury. (*Bond* v. *United Railroads,* 159 Cal. 285, [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].)

[2] An instruction to the effect that one of the elements entering into the measure of damages was "such reasonable sum as the jury should award her on account of any physical pain or mental anxiety she may have suffered or may certainly suffer in the future by reason of her injury" was not erroneous. (*Gumpel* v. *San Diego etc. Ry. Co.,* 178 Cal. 166, [172 Pac. 605]; *Wiley* v. *Young,* 178 Cal. 681, [174 Pac. 316]; *Richman* v. *San Francisco Ry. Co.,* 180 Cal. 454, [181 Pac. 769].) In the case relied on by the appellants (*Melone* v. *Sierra Ry.,* 151 Cal. 113, [91 Pac. 522]), the jury was told in effect that it might speculate concerning future suffering. In this case the jury was instructed that it might award a reasonable sum for such suffering as the plaintiff might certainly suffer.

Where, as in this case, it is claimed the injured person was guilty of contributory negligence, the question is generally one of fact, and the fundamental rules of law are so well known and have been so often repeated that little is gained by lengthy quotations and long lists of authorities. [3] Pedestrians must use such caution as ordinarily prudent men exercise under similar circumstances. The law does not define or limit this ordinary care. [4] Negligence is not absolute, but is always relative to the particular circumstances on which it is sought to be predicated. It is only where reasonable men can draw but one conclusion that the determination of the jury upon the question may be disregarded. In a case somewhat akin to this, the man who was injured had but recently passed a closed sidewalk trap. On returning he was reading from a memorandum he held in his hand, and stepped into "a yawning chasm" which had been opened in the interim. It was contended that a motion for nonsuit should have been granted, but the supreme court reached the contrary con-

clusion. (*Van Praag* v. *Gale*, 107 Cal. 444, [40 Pac. 555].)
In the present case the respondent testified that when ten
or twelve feet from the elevator doors she saw they were
closed. Her attention being attracted to something she was
passing, she turned her head, and as she walked that short
distance one of the doors was raised from the pitfall directly
in her pathway and into which she fell. As was said in
the opinion in *Van Praag* v. *Gale*, "To some minds prob-
ably the conclusion would seem irresistible that he who,
with eyes to see, in broad daylight walks into an open trap-
door in the sidewalk is lacking in that care and caution
which characterizes the man of ordinary prudence. Others
may well reason that the plaintiff was entitled to a safe
passage over a walk prepared by the public for the accom-
modation of all its citizens." The fact that different minds
might reach different conclusions upon the question of the
respondent's caution disposes of all the contentions of the ap-
pellants based on the assumption that contributory negligence
was shown as a matter of law, as well as their contentions
regarding the instructions on the subject given and refused.
[5] Mere abstraction on the part of a pedestrian does not
constitute contributory negligence. (*Robinson* v. *Pioche*,
5 Cal. 461; *Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 722,
[103 Pac. 190].) The question of contributory negligence
was properly submitted to the jury under correct instruc-
tions. Argument based on evidence which it is claimed the
jury should have believed is futile. The evidence of the
man who opened the door at most raised a conflict which
the jury determined in favor of the respondent.

It is contended by each appellant that it was not guilty
of negligence, and each attempts to shift the liability for
the injuries to the other. The Cafeteria Company main-
tains the Newmarket Company was an independent con-
tractor, and the Newmarket Company contends that under
an ordinance excluded from evidence the sole responsibility
for maintaining the elevator was placed on the Cafeteria
Company as owner. Error in excluding the ordinance is
claimed. The ordinance was offered by the plaintiff and ex-
cluded on the objection of the Cafeteria Company. Its
admission was not urged by the Newmarket Company. If
there was error in rejecting the evidence, it was against the
respondent. On this appeal, even though such an error

caused by the objection of its codefendant were available for the Newmarket Company, it would not cause a reversal of the judgment. [6] Regardless of the ordinance, where the owner of property maintains a sidewalk elevator, he is liable for injuries to pedestrians caused by his negligence, either in the construction, maintenance, or the operation of the elevator under his direction, or with his knowledge and by his permission. Also, one who uses such an elevator is liable for the results of his own negligence.

The elevator doors were not operated automatically from below, but were raised by hand. Each door was heavy, weighing about 250 pounds. One man opening the elevator, therefore, had to stoop over one door and raise it, then walk around the shaft to repeat the operation with the other door, leaving one-half of the shaft as an open pitfall. The doors were not hinged to open across pedestrian movement and so to bar it, but so that when opened they were parallel to the building line. The elevator was maintained by the Cafeteria Company for the purposes of its business, and was used frequently, if not usually, for deliveries of its purchases to its basement storeroom. The delivery about to be made by the Newmarket Company was upon the order of the Cafeteria Company. The truck driver went first to the basement and talked with employees of the Cafeteria Company concerning the delivery. He then, alone, started to open the elevator doors. He testified that before doing so he looked up the street and saw no one within thirty feet of him, yet the respondent testified that when she was within ten or twelve feet of the elevator the doors were closed and that she did not see a man with a white apron, such as the truckman wore. The jury believed her. Under the rule that every reasonable inference is to be drawn in support of the verdict, it may be that the jury believed the construction of the doors to open in the way they did was negligent, and that permitting the use of the elevator with the knowledge of the servants of the Cafeteria Company, without its requiring one of its own employees to aid in the opening of the doors or, at least, to guard pedestrians from the peril, were acts of negligence concurring with that of the employee of the Newmarket Company in attempting in so busy a place and at so busy an hour alone to open the trap. [7] At the time

of the accident the elevator, with its doors, was under the joint management of both defendants, and the accident was such as in the ordinary course of things does not happen if those having the management and control of such an instrumentality use proper care.   In such a case, in the absence of explanation by the defendants, the fact of the accident affords reasonable evidence of want of care.   (Shearman & Redfield on Negligence, par. 60; *Bowley* v. *Mangrum & Otter,* 3 Cal. App. 229, [84 Pac. 996].)

The landlord and tenant cases merely hold that, where there is no negligence in the construction of a device which the landlord delivers to the tenant of leased premises, the landlord is not responsible for the tenant's negligent operation.   They have no real relationship to the facts of this case, which are more nearly akin to those where an owner has been held liable for injuries resulting from the construction of a pitfall by a contractor.   (*Barry* v. *Terkildsen,* 72 Cal. 254, [1 Am. St. Rep. 55, 13 Pac. 657]; *Spence* v. *Schultz,* 103 Cal. 208, [37 Pac. 220].)   A closely analogous case is one where a pedestrian was injured by falling over an unguarded rope across a sidewalk.   The rope was used in connection with a block and pulleys for hoisting supplies from a wagon to the second floor of the defendant's building.   The court in that case said: "Every person using the sidewalk for the purposes of trade and business conducted upon his premises is charged with the duty of taking reasonable care to protect the public from injury resulting from such use of the walk.   The contract with the truckman contemplated the use of the rope across the sidewalk, and charged upon the defendant the duty of seeing that the rope was used with due regard to the safety of pedestrians." (*Langevin* v. *Schaller,* 163 App. Div. 52, [148 N. Y. Supp. 534].)

The only remaining contentions are minor ones which are merged in the conclusions reached on the matters already discussed.   As a whole, the instructions were clear and fairly stated the law.   The evidence was sufficient to support the verdict, and no errors of law. if any there were, resulted in a miscarriage of justice.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.