[Civ. No. 3276. First Appellate District, Division Two.—March 11, 1920.]

## JAMES J. REGAN, Respondent, v. LOS ANGELES ICE & COLD STORAGE COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — USE OF PUBLIC STREET — DUTY TO OBSERVE APPROACHING VEHICLES—QUALIFICATION OF RULE.—The rule that one using a public street is charged with the duty of observing approaching vehicles is qualified and explained by the more general rule that, except in cases where the law itself fixes a standard of care, negligence is always relative and to be determined in view of all the circumstances of the particular case.

[2] ID.—POSITION OF PLAINTIFF — VIEW OF DRIVER — CONTRIBUTORY NEGLIGENCE.—In this action for damages for personal injuries received through having been struck by a truck driven by an employee of the defendant, it could not be said as a matter of law that plaintiff was guilty of negligence by reason of the fact that

---

1. Duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

Duties and liabilities of drivers of automobiles upon streets, notes, 5 Ann. Cas. 793; 6 Ann. Cas. 658, 922; 7 Ann. Cas. 551; 8 Ann. Cas. 1092.

Reciprocal duty of operator of automobile and pedestrian to use care, note, 51 L. R. A. (N. S.) 990.

46 Cal. App.—33

at the time of the accident he was standing in a public street near the curb and immediately back of the left rear mud-guard of an automobile which had been struck earlier in the day and slightly damaged, where the plaintiff and the automobile he was examining were clearly visible in the course of the oncoming truck which caused the injuries.

[3] ID.—PRUDENCE EXERCISED IN ASSUMING POSITION — RIGHT OF DRIVER TO RUN INTO PLAINTIFF.—The rule of contributory negligence gives no support to the claim that the driver of an automobile or truck may heedlessly or wantonly run down those who are where they have a right to be, particularly if reasonable men may differ concerning the prudence exercised by the injured person.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

Ford & Bodkin and Henry G. Bodkin for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment for $824 and costs in a suit for damages for personal injuries sustained by the plaintiff.

There is only one question to be determined. It was raised by the defendant's motion for nonsuit, which was denied. It is as to whether or not the trial court should have determined, or this court can determine, as a matter of law that the plaintiff was guilty of contributory negligence under the peculiar facts of this case. The same question is presented by the contention that the evidence is insufficient to support the findings.

At the time of the accident an automobile, described as a Buick touring car, with its top up, was standing close to the curb on the south side of East Seventh Street, about 150 feet east of Alameda Street, in Los Angeles. It had been struck earlier in the morning and slightly injured, apparently before it was parked on East Seventh Street. After it was parked it was headed east in the direction of traffic on the side of the street on which it stood. The plaintiff and two other men had crossed from the other side of the street to speak to a man in the machine, and, their attention being called to the abrasions on the left rear mud-

guard and on the spare tire irons and the spare tire at the back, they were examining the rear parts of the machine. They had been there about five minutes. The street at that point was sixty to seventy feet wide, and there were no obstructions between the standing machine and the north side of the street. The accident occurred in the morning of a clear day. At the moment of the accident the plaintiff was standing close to and back of the left rear mud-guard of the machine. One of his companions, who escaped injury, was standing at his right, back of the body of the machine, and another, who was also struck and who subsequently died, was standing at the plaintiff's right, on or with one foot on the running-board. The plaintiff had not looked back to ascertain if another machine was approaching after crossing the street. There was a slight curve in the street, so that if an oncoming machine from the rear had followed a perfectly straight course it would have approached and run into the right-hand curb.

While the plaintiff was standing in the position indicated, a heavy truck owned by the defendant and operated by its employee approached and crossed Alameda Street. Several boys were trying to climb on the truck and the driver turned in his seat to tell them to get off. He crossed Alameda Street without looking where he was going and did not turn his face forward until the truck he was driving had struck the plaintiff, knocking him under the standing machine. The truck also struck the rear mud-guard of the machine and hit the man who subsequently died.

The rules of law applicable to such cases are well established. The negligence of a plaintiff which directly contributes to his injury bars recovery. [1] One using a public street is charged with the duty of observing approaching vehicles, it is true, but this rule is qualified and explained by the more general rule that, except in cases where the law itself fixes a standard of care, negligence is always relative and to be determined in view of all the circumstances of the particular case. [2] Thus, if there was a plainly visible obstruction in a street, a person taking a position on or immediately in front of it would be in a position of safety and might be relieved from the duty of observing traffic as he would be if he remained on the sidewalk. The standing automobile was a clearly visible ob-

struction in the course of the oncoming truck. Whether its driver simply continued in a straight course along the curving street, or, as some of the witnesses testified, swerved toward the obstruction, is of no importance. He heedlessly drove the truck upon the plaintiff. The plaintiff was in a position where, if it could not be said, as a matter of law, he had a right to assume he would not be run down, reasonably prudent men might have drawn that conclusion of fact. It certainly cannot be said as a matter of law that he was guilty of negligence. [3] The rule of contributory negligence gives no support to the claim that the driver of an automobile or truck may heedlessly or wantonly run down those who are where they have a right to be, particularly if reasonable men may differ concerning the prudence exercised by the injured person.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.