[Civ. No. 9488. Second Appellate District, Division Two.—April 3, 1935.]

ELVIE G. EVELETH et al., Appellants, v. JOHN GOOD-CHAP, Respondent.

E. W. Cunningham for Appellants.

Jennings & Belcher and R. P. Jennings for Respondent.

CRAIL, J.—This appeal is from a judgment in favor of defendant (respondent) in an action brought by the heirs of F. A. Eveleth, deceased, to recover damages for the death of decedent. At the time of the accident it was dark, and rain had been falling for about an hour. The decedent started across the bridge which forms part of Huntington Drive near the city limits of Arcadia and stepped in front of the automobile driven by the defendant. The headlights of defendant's automobile were lighted and plainly visible through the rain. There was evidence from which the jury might have found that the decedent when hit was in an unmarked crosswalk.

Appellants first complain of a series of instructions wherein the jury were told that the duty was upon the deceased to use ordinary care for his own safety while upon the highway. The rule was applied in various ways to the circumstances of the case, but this was the essence of all of them. Thus the jury were told that "The same duty of care rested upon the deceased as upon the defendant, that is, each was bound to use ordinary care. The deceased was bound to use ordinary care for his own safety in crossing the street and the driver of the automobile was bound to use ordinary care in the operation and driving thereof," and "It was the duty of the deceased . . . at the time in question, to make reasonable use of all of his faculties to make a safe crossing and to avoid being injured", and "to exercise ordinary care in maintaining a reasonable lookout for vehicles approaching", and "to exercise ordinary care in the use of all of his faculties for the purpose of ascertaining the approach of vehicles and of avoiding accident and injury to himself", and "A pedestrian has no right to assume that a street is clear, but under all circumstances and at all times he must use ordinary care and must anticipate that vehicles may be traveling in the street". It is appellants' contention, since under their theory of the case the decedent was in an unmarked crosswalk, that the court erred in giving any instruction placing upon the decedent the duty of using ordinary care while crossing the street. They say, "the

effect of section 131½ of the California Vehicle Act is to change the common-law duty resting upon both the pedestrian and the driver of an automobile to use due care". This is not the law. The duty remains upon a pedestrian in a street at all times to use reasonable care for his own safety.

Appellants' next contention .is that these instructions were erroneous because "they invade the province of the jury, it being the jury's prerogative to decide what is due care. . . . " There is no merit in this contention. The appellants rely upon the cases of *Long* v. *Barbieri*, 120 Cal. App. 207 [7 Pac. (2d) 1082], and *Pinello* v. *Taylor*, 128 Cal. App. 508 [17 Pac. (2d) 1039]. In the former case the jury was told it was the decedent's duty *to look* in the direction from which danger was to be anticipated and that this was a continuing duty. In the latter case the court instructed the jury that it was the duty of the decedent *to look in both directions* to see if vehicles were approaching and that this duty was imperative during all the time he was crossing. Such instructions obviously were invasions of the province of the jury and as such were condemned. But the instructions before us do not have this defect.

Appellants also complain that "these instructions were given without reference to the character of the contributory negligence pleaded in the two affirmative defenses of the answer". There is some truth to this contention but no error such as would entitle appellants to a reversal.

Appellants also complain of "instructions requested by plaintiffs which were erroneously refused". The matter contained in these instructions, where not erroneous, was fully covered by the instructions which were given.

Appellants' final contention is that "the court improperly excluded evidence offered by plaintiffs", but we find no merit in this contention.

Judgment affirmed.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.