[Civ. No. 10323.   Second Appellate District, Division One.—January 3, 1936.]

MINNIE J. GRANT, Respondent, v. HERNDON RYON et al., Appellants.

Elbert E. Hensley and W. H. Abrams for Appellants.

Paul Taylor for Respondent.

ROTH, J., *pro tem.*—This action is one for personal injuries arising from an accident which occurred at the intersection of Wilshire Boulevard and Tenth Street in the city of Santa Monica, on October 7, 1932, at or about 6:20 P. M. At the time of the accident defendant Herndon Ryon, who was then a minor, was driving an automobile in a westerly direction on Wilshire Boulevard, north of the center line thereof, approximately 12 to 15 feet south of the northerly curb. Both headlights of the car were burning, and the automobile proceeded at a rate of 15 to 20 miles per hour. There was no fog, or rain or other unusual weather conditions; the street was dry, and the driver's vision unobstructed and unobscured. Plaintiff, a woman sixty years of age, dressed in dark clothing and carrying some bundles, was walking from the southerly curb of Wilshire Boulevard on the west side of Tenth Street in a northerly direction in the center of a pedestrian zone. She had previously alighted from a bus, waited for the bus to move on and for other traffic to pass, and saw no traffic approaching from the east or west until she reached a point immediately north of the center line of Wilshire Boulevard, at which time she observed a car driven by defend-

ant a block and a half to the east or to her right. She continued walking northerly in the pedestrian zone, and fixes the point of impact at a distance of five or six feet south of the northerly curb. Defendant, according to the testimony, when he entered the intersection of Tenth Street on Wilshire Boulevard, was looking straight ahead at all times up to the time of impact, and by reason of his headlights and electroliers on Wilshire Boulevard, could see ahead approximately 100 feet. The evidence shows that defendant did not see plaintiff until an instant before the accident.

On evidence supporting the foregoing *résumé* of facts, the trial court found that the impact between the automobile operated by Herndon Ryon and plaintiff and the consequent injuries suffered by plaintiff were the proximate result of the negligence of defendant Herndon Ryon, and that there was no contributory negligence on the part of plaintiff, and that the accident was not an inevitable one. The defendant William Ryon is the father of Herndon Ryon, and signed his application for an operator's license, pursuant to the terms of section 62, subdivisions (b) and (c) of the California Vehicle Act. At the time the complaint and summons were served upon defendant Herndon Ryon he was a minor, and at the time of the trial of the. action, defendant Herndon Ryon had reached his majority.

It is settled that when a trial court has made its findings of fact from conflicting evidence, all reasonable inferences are to be indulged in favor of such findings, and that the power of a reviewing court begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusions reached by the trial court. There is ample evidence in the case at bar to support the findings of the trial court; consequently they cannot be disturbed. (*Wing* v. *Kishi,* 92 Cal. App. 495, 497 [268 Pac. 483] ; *Gjurich* v. *Fieg,* 164 Cal. 429 [129 Pac. 464, Ann. Cas. 1916B, 111] ; *Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25] ; *Wilbur* v. *Wilbur,* 197 Cal. 1 [239 Pac. 332] ; *Eveleth* v. *Goodchap,* 5 Cal. App. (2d) 735 [43 Pac. (2d) 376] ; *Hurtel* v. *Albert Cohn, Inc.,* 81 Cal. App. Dec. 787 [45 Pac. (2d) 413].) The evidence in the case at bar shows that there was one automobile and one pedestrian upon a well illuminated highway; that the plaintiff took ample care for her protection. While it is true that she may not have looked

in the direction of the approaching traffic at every instant of her progress, there is nothing in the law which requires her to do so. (*Regan* v. *Los Angeles Ice etc. Co.*, 46 Cal. App. 513 [189 Pac. 474]; *Du Val* v. *Boos Bros. Cafeteria Co.*, 45 Cal. App. 377 [187 Pac. 767]; *Baldock* v. *Western Union Tel. Co.*, 127 Cal. App. 141 [15 Pac. (2d) 199]; *Pinello* v. *Taylor*, 128 Cal. App. 508 [17 Pac. (2d) 1039].)

■ The finding of the trial court that there was no contributory negligence is amply supported by the evidence. The burden of showing contributory negligence is upon the defendant. (*Daly* v. *Hinz*, 113 Cal. 366 [45 Pac. 693]; *Drouillard* v. *Southern Pacific Co.*, 36 Cal. App. 447 [172 Pac. 405].) As said in the case of *Flach* v. *Fikes*, 204 Cal. 329, 332 [267 Pac. 1079] : "It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching . . . Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court and their finding thereon is binding upon an appellate court." (*Potter* v. *Driver*, 97 Cal. App. 311 [275 Pac. 526]; *Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578].)

■ Defendant complains that a guardian *ad litem* was improperly appointed, since there was no showing that plaintiff was mentally defective. The order appointing the guardian *ad litem* was made *ex parte* and is regular and valid upon its face. At the time of the trial, the following proceedings were had:

"Q. By the Court: Are you at this time, Mrs. Grant, so far recovered that you are able to think for yourself, know what you want to do, and what you don't want to do in regard to this lawsuit? A. Well I feel this here way: I am competent to take care of myself in this action but not in this lawsuit, for I don't know anything about lawsuits; I have never been in court before. Q. Do you still wish your nephew to act as your guardian *ad litem?* A. Yes, sir. Q. For the maintenance of this action? A. Yes, sir. Q. For and on your behalf? A. Yes, sir. Q. Do you at this time ratify his acts in bringing this suit for you in January 1933? (Objection and argument.) Q. By the Court: Do you at

this time approve the appointment of Mr. Ward as your guardian as of date of January 30, 1933, at which time the presiding judge of the Superior Court appointed Mr. Ward your guardian *ad litem* to maintain this action? A. I do. The Court: That is all."

In addition, medical and other evidence was sufficient to justify the court in concluding that Mrs. Grant was not the "same as any other woman her age", and that as a result of the injuries suffered in the accident she was left with a defective and impaired memory. Section 1460 of the Probate Code provides that, " . . . incompetent . . . shall be construed to mean or refer to any person, whether insane or not, who by reason of old age, disease, weakness of mind, or other cause, is unable, unassisted, properly to manage and take care of himself or his property, and by reason thereof is likely to be deceived or imposed upon by artful or designing persons." The same code section provides that a general guardian may be appointed for such an "incompetent" person. In our opinion, it is proper under the same circumstances, to appoint a guardian *ad litem*.

The judgment and the order denying motion for a new and different judgment are affirmed. The appeal from the order denying motion for new trial is dismissed, as there is no appeal from such an order.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 23, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1936.