# COLE v. KLOEPFER et al.

No. 7897.   Decided Aug. 25, 1953.   (260 P. 2d 518.)

See 63 C.J.S. Municipal Corporations, sec. 850. Sidewalk, contributory negligence of pedestrian falling on. 25 Am. Jur., Highways, sec. 463; 133 A.L.R., 1026.

*H. A. Sjostrom,* Logan, for appellant.

*Newell G. Daines* and *M. C. Harris,* Logan, for respondent.

WADE, Justice.

Appeal from a judgment dismissing with prejudice at the end of plaintiff's case her action for personal injuries caused by defects in a sidewalk, on the grounds of contributory negligence.

The evidence disclosed that in May, 1947, respondents dug a trench for water and sewer pipes in front of a home at about 263 East Third South Street, in Logan, Utah. In digging this trench, respondents tore up about a 10 by 5 foot strip of sidewalk lying to the south of the house. When the trench was backfilled with a bulldozer a depression was left from the center of which some large blocks of cement protruded about three inches above their surroundings, which consisted of an uneven surface of dirt and gravel.

Appellant lived within a block of 263 East Third South Street and was well aware of the defects left in the sidewalk there, having had occasion to pass over it about twice a week for about a year and a half before the accident occurred. She had frequently remarked that it was hazardous. The accident occurred in broad daylight, about 5 o'clock in the afternoon of October 8, 1948. Nothing was obstructing her view of the defects in the sidewalk and she was aware of them when she started to cross this spot. Appellant was in the process of crossing when some children who were playing about a half a block away, screamed just as a speeding car drove by in the direction in which she was walking. Upon hearing the screams she stopped and looked up, and upon again starting to walk, she stubbed her toe on the abutting pavement as she went to step on the sidewalk an fell, seriously injuring her leg.

In *Eisner* v. *Salt Lake City, Utah*, 238 P.2d 416, this court held that a pedestrian who had knowledge of and had an unobstructed daylight view of a defect in a sidewalk was contributorily negligent as a matter of law when because of diversion by a group of children rushing toward her she momentarily forgot about the defect and stepped into

it, thereby causing her injury. We there recognized that temporary forgetfulness of a known danger may be excuse where some outside cause distracts the attention if such distraction is unexpected and substantial.

Although the writer of this opinion dissented in the Eisner case, being of the opinion that it was a question of fact for the jury to determine whether a large group of children rushing towards a person was a sudden and substantial diversion or distraction, nevertheless that case is now the law in Utah. The distraction in the instant case is no more sudden and unexpected than in the Eisner case and all the other elements were similar to those in that case. The court, therefore, did not err in finding that appellant was guilty of contributory negligence as a matter of law and dismissing the case with prejudice. In view of this it is unnecessary to determine whether the court erred in holding that appellant had failed to prove a duty on the part of respondents to maintain the sidewalk in a safe condition.

Affirmed. Costs to respondents.

WOLFE, C.J., and McDONOUGH and HENRIOD, J.J., concur.

CROCKETT, Justice.

I dissent. It seems to me that the question of plaintiff's contributory negligence should have been submitted to the jury.

The evidence showed without dispute that this defect was readily observable; that it had existed for a year and a half near Mrs. Cole's home; and that she knew of it. Under ordinary circumstances reasonable care would have required her to observe and avoid it. She seeks to evade the effects of this responsibility by showing that a speeding car went down the street approaching some children; that she heard them scream which momentarily distracted her attention.

There is a plethora of cases dealing with what constitutes sufficient distraction of attention to create a jury question as to whether one used reasonable care in avoiding a known danger in a sidewalk or street.[1] Various circumstances have been held sufficient: children playing in the street;[2] being absorbed in reading a newspaper;[3] being attracted to "something" one was passing;[4] men working in a trench beside the walk;[5] a bulletin board which had been placed there for the purpose of diverting the attention of passersby (night) ;[6] being accosted by a friend[7] and by the crowd upon the sidewalk.[8]

The foregoing cases are noted for the purpose of demonstrating that there are many respectable authorities which recognize circumstances which seem to me less distracting than those in the instant case as being sufficient to justify the submission to a jury of the question of the contributory negligence of one who has failed to notice and avoid a known or readily observable defective condition of a street or sidewalk. I do not here argue that such authorities should be approved, nor that they would be the law of this jurisdiction in view of the Eisner case.[9]

I am aware that there is some danger in permitting one who is so injured to excuse himself by blaming some trivial distracting factor and that such excuses would not be lacking to plaintiffs who might be unscrupulous. (No suggestion that such exists in the instance case is intended.) As a safeguard against the possibility of such abuses this court

---

[1]See 13 A.L.R. 87 et seq.; 70 A.L.R. 1388 et seq.

[2]*Barry* v. *Terkildsen*, 72 Cal. 254, 13 P. 657, 1 Am. St. Rep. 55.

[3]*Van Praag* v. *Gale*, 107 Cal. 438, 40 P. 555.

[4]*DuVal* v. *Boos Bros. Cafeteria Co.*, 45 Cal. App. 377, 187 P. 767.

[5]*Le Beau* v. *Telephone & Teleg. Constr. Co.*, 109 Mich. 302, 67 N.W. 339.

[6]*Myers* v. *New York*, 154 App. Div. 713, 139 N.Y.S. 432.

[7]*Kenyon* v. *Mondovi*, 98 Wis. 50, 73 N.W. 314.

[8]*Thomas* v. *New York*, 28 Hun, N.Y., 110.

[9]*Eisner* v. *Salt Lake City*, 120 Utah 675, 238 P. 2d 416.

in the Eisner case adopted a somewhat restrictive rule: that the cause diverting a pedestrian's attention from a known danger at least must be *unexpected and substantial,* with which I am in accord.

The statement of the rule is one thing; its application to given facts is quite another. Where there is disagreement as to whether the rule applies, some light may be thrown upon the subject by comparison with analogous fact situations to which courts have applied it. The authorities above cited and such others as the writer has seen indicates that the Eisner case goes about as far as any in holding as a matter of law that a diverting cause was not sufficient to warrant submission of the question of contributory negligence to the jury. I do not believe it should be extended.

In the Eisner case, children running toward plaintiff on the sidewalk presented very little if any danger to her or anyone else. But in the instant case the circumstances distracting Mrs. Cole's attention seem much more compelling. There was a speeding automobile, which is a very dangerous thing (there was no danger to Mrs. Cole personally), she observed it going down the street at a high rate of speed approaching some children and she heard the children let out a scream. It seems to me that it would take nerves of steel indeed for one to fail to direct attention there to see what had happened. If that does not constitute an *unexpected and substantial* diversion, one is led to ask: what distraction would suffice?

Except for the Eisner case, the majority opinion cites no authority supporting the proposition that in a fact situation similar to the instant one it was mandatory to rule that the plaintiff was contributorily negligent because the distraction was insufficient. We are given nothing but the ipse dixit that the facts do not show "an expected and substantial diversion."

This question must be squarely faced: taking the evidence, and every inference fairly arising therefrom, in the

light most favorable to Mrs. Cole, is there any reasonable basis in the evidence which would justify a jury in concluding that the distracting factor was unexpected and substantial and such that it would so divert the attention of an ordinary reasonable and prudent person that he would fail to notice and stumble into this defective sidewalk? If reasonable minds might conclude that in the exercise of ordinary care her attention might have been diverted sufficiently so that she was momentarily inattentive or unaware of the defect and stumbled because of it, the question of her contributory negligence should have been submitted to the jury.

It should be borne in mind that ordinarily a pedestrian has a right to assume that the sidewalk is in a reasonably safe condition and to act on such assumption. True, this is subject to the modification that where there is a known danger she must be charged with awareness of that fact. She is not required to forego the use of the street; nor is he obliged to remain completely engrossed in the fact that there was a defect in the sidewalk. It is understandable that a prudent person might not keep her mind primarily preoccupied with this circumstance and her efforts to avoid it. Her duty was but to comply with the usual rule of observing the care which an ordinary reasonable and prudent person would under the circumstances to avoid injury to herself.

It is well settled that the question of contributory negligence is usually for a jury and the court is justified in taking it from them only in clear cases[10] as Mr. Justice Frick[11] stated in relation thereto:

"* * * unless the question * * * is free from doubt, the court cannot pass upon it as a question of law; * * * if * * *

[10]*Stickle* v. *Union Pacific R. Co.*, 122 Utah 477, 251 P. 2d 867, and authorities there referred to.

[11]*Newton* v. *Oregon Short Line Railroad Co.*, 43 Utah 219, 134 P. 567, 570.

the court is in doubt whether reasonable men, * * * might arrive at different conclusions, then this very doubt determines the question to be one of fact for the jury and not one of law for the court."

For the reasons indicated I think the jury should have been allowed to pass upon plaintiff's claim.